585 N.W.2d 433 (1998)
255 Neb. 364
STATE of Nebraska, Appellee,
v.
Geary L. DANDRIDGE, Appellant.
No. S-96-874.
Supreme Court of Nebraska.
October 2, 1998.
*434 Dennis R. Keefe, Lancaster County Public Defender, and Paul E. Cooney, for appellant.
Don Stenberg, Attorney General, Kimberly A. Klein, and, on brief, Jay C. Hinsley, for appellee.
Gary E. Lacey, Lancaster County Attorney, and Duane A. Austria, amici curiae.
WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.
WRIGHT, Justice.

NATURE OF CASE
In March 1992, Geary L. Dandridge was convicted in the district court for Lancaster County of possession of a controlled substance (cocaine) and being a felon in possession of a firearm. He was sentenced as a habitual criminal to concurrent terms of 15 to 30 years' imprisonment. His convictions and sentences were affirmed by the Nebraska Court of Appeals. See State v. Dandridge, 1 Neb.App. 786, 511 N.W.2d 527 (1993). In July 1996, the district court dismissed Dandridge's motion for postconviction relief based on ineffective assistance of counsel, and he appeals.

SCOPE OF REVIEW
A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. State v. Fletcher, 253 Neb. 1029, 573 N.W.2d 752 (1998).

FACTS
Prior to trial on the criminal charges, the State of Nebraska instituted a forfeiture action against Dandridge's property pursuant to Neb.Rev.Stat. § 28-431 (Reissue 1995). At the forfeiture hearing, the State introduced evidence that on September 28, 1991, law enforcement officers confiscated $1,544 in U.S. currency pursuant to a search warrant executed at Dandridge's residence. The currency was found on top of the toilet tank, adjacent to a shot glass which contained a piece of crack cocaine. Law enforcement opined that the denominations of the currency were consistent with currency involved in the distribution of crack cocaine. Dandridge appeared pro se at the forfeiture hearing, but presented no evidence.
The trial court found that Dandridge was the owner of the currency, that the currency "had been used, or was intended for use, to facilitate a violation of Article 4 of Chapter 28 of the Nebraska Revised Statutes," and that Dandridge forfeited the $1,544. The trial court found that no claims or petitions had *435 been filed for the property and ordered the currency forfeited.
On October 29, 1991, Dandridge was charged by information with two counts: (1) possession of a controlled substance and habitual criminal and (2) felon in possession of a firearm and habitual criminal. The criminal prosecution was based on the same conduct which had resulted in the forfeiture of Dandridge's currency.
Dandridge was convicted of both counts charged in the information. A hearing on the habitual criminal allegation was held, and he was found to be a habitual criminal within the meaning of the law. He was sentenced to a period of incarceration of not less than 15 nor more than 30 years on each count, the sentences to run concurrently. Additionally, he was taxed with the costs of the prosecution and was given credit for 218 days served. Dandridge's convictions and sentences were subsequently affirmed. See State v. Dandridge, supra.
On April 22, 1996, Dandridge filed a motion for postconviction relief pursuant to Neb.Rev.Stat. § 29-3001 et seq. (Reissue 1995). The motion asked that the district court set aside Dandridge's convictions and sentences and alleged that Dandridge had been subjected to unconstitutional and multiple punishments for the same offense, that his trial counsel's performance had been unconstitutionally deficient, and that the denial or infringement of his rights rendered the judgment void or voidable.
The district court sustained the State's motion to deny an evidentiary hearing and dismissed Dandridge's motion for post-conviction relief, finding that upon review of the files and records, Dandridge was not entitled to relief. Dandridge was granted leave to prosecute an appeal in forma pauperis, and Dandridge timely appealed.

ASSIGNMENTS OF ERROR
Dandridge claims that the district court erred by depriving him of an opportunity to adduce evidence at a hearing in support of his motion for postconviction relief and by dismissing the motion.

ANALYSIS
In summary, Dandridge claims that his trial counsel should have filed a plea in bar to Dandridge's criminal prosecution because the State had obtained forfeiture of his currency in a prior action arising out of the same set of facts. According to Dandridge, the forfeiture constituted a criminal punishment which barred subsequent prosecution on the criminal charges. Dandridge asserts that he received ineffective assistance of counsel because had his counsel filed a plea in bar, double jeopardy would have prevented the subsequent criminal prosecution.
A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. State v. Fletcher, 253 Neb. 1029, 573 N.W.2d 752 (1998). An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the state or federal Constitution. State v. Parmar, 249 Neb. 462, 544 N.W.2d 102 (1996). An evidentiary hearing may be denied on a motion for postconviction relief when the records and files affirmatively show that the defendant is entitled to no relief. Id.
In denying Dandridge's motion for postconviction relief, the district court found that his claims were without merit. Relying on State v. Hansen, 249 Neb. 177, 542 N.W.2d 424 (1996); State v. Wolf, 250 Neb. 352, 549 N.W.2d 183 (1996); and United States v. Ursery, 518 U.S. 267, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), the court found that civil forfeiture proceedings do not bar criminal prosecution based on the same underlying facts unless the forfeiture is so punitive as to be the equivalent of a criminal proceeding.
The district court found that Dandridge's allegations of ineffective assistance of counsel were premised on the conclusion that his criminal conviction was barred by the prior forfeiture proceeding. Because the court concluded that the forfeiture was civil in nature, it found that the failure to raise a double jeopardy argument could not be *436 grounds for a claim of ineffective assistance of counsel.
We do not reach the issue of whether the district court correctly determined that the forfeiture proceeding was civil in nature. Instead, we address the State's contention that Dandridge is procedurally barred from raising this issue on his motion for postconviction relief. The State argues that a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. It is the State's position that Dandridge's double jeopardy claim could have been raised on direct appeal, but was not, and is therefore procedurally barred.
We note that Dandridge was represented by different counsel on direct appeal than during trial. When a defendant has a different counsel on appeal than during trial, appellate counsel may raise any ineffective assistance of counsel claims it may have in regard to trial counsel's performance. See State v. Ryan, 248 Neb. 405, 534 N.W.2d 766 (1995).
Another consideration is whether the appellate court would have addressed the issue of ineffective assistance of counsel had it been raised during direct appeal. There is no indication in the Court of Appeals' opinion or the briefs filed on direct appeal that the forfeiture action and the issue of double jeopardy were raised in the trial court or that the trial court had the opportunity to rule on such issues. See State v. Dandridge, 1 Neb. App. 786, 511 N.W.2d 527 (1993).
Generally, when an issue has not been raised or ruled on at the trial level and the matter necessitates an evidentiary hearing, an appellate court will not address the matter on direct appeal. State v. Cody, 248 Neb. 683, 539 N.W.2d 18 (1995). However, when an ineffective assistance of counsel claim is raised on direct appeal, the claim need not be automatically dismissed; the determining factor is whether the record is sufficient to adequately review the question. See id. Had Dandridge's counsel raised the double jeopardy issue on appeal, the appellate court would have had to supplement the record with evidence of the earlier forfeiture action in order to address the issue. Thus, the issue is whether supplementing the record with evidence of the forfeiture would constitute an "evidentiary hearing," as the phrase is used in our case law.
In those cases where we have refused to address an ineffective assistance of counsel claim on direct appeal, we have done so because the record was insufficient to address the issue. In State v. Hert, 192 Neb. 751, 224 N.W.2d 188 (1974), we would not address whether trial counsel was ineffective in failing to file a motion to discharge. We found that in order to determine whether the counsel's actions were deficient, we needed testimony from the counsel whose effectiveness was under attack. In State v. Dixon, 223 Neb. 316, 389 N.W.2d 307 (1986), we refused to consider the effectiveness of counsel claim on direct appeal because there was no record of the counsel's performance to review. In State v. Dawn, 246 Neb. 384, 519 N.W.2d 249 (1994), we declined to address an ineffective assistance of counsel claim because we could not tell from the record whether the counsel had conducted an investigation to determine whether a confidential informant for the State was on probation, in jail, or released on parole or work release. The status of the informant was relevant for determining whether the evidence provided by the informant should have been excluded from evidence. We found that the record did not demonstrate whether counsel had conducted any investigation on the matter and, thus, that the issue was not properly before us.
In contrast, in Cody, supra, we addressed the ineffective assistance of counsel claim on direct appeal. We found the record sufficient for evaluating whether Cody's Fourth or Sixth Amendment rights had been violated. Likewise, in State v. Morley, 239 Neb. 141, 474 N.W.2d 660 (1991), we addressed the ineffective assistance of counsel claim on direct appeal because a determination could be made from the evidence provided in the appellate record.
Had Dandridge raised the issue of double jeopardy during his direct appeal, the appellate court could have resolved the issue without conducting an evidentiary hearing. The *437 necessary evidence could have been made part of the appellate record had Dandridge's counsel simply asked the court to take judicial notice of the transcript from the forfeiture proceeding.
Pursuant to Neb.Ct.R. of Prac. 4C (rev. 1996), after the original transcript of a case is filed with the Clerk of the Supreme Court, any party may, without leave of court, request a supplemental transcript containing matters omitted from the original transcript and "necessary to the proper presentation of the case" to the court. Had counsel elected to assert the double jeopardy issue on direct appeal, he could have either requested that relevant portions of the record in the forfeiture proceeding be included in the transcript or requested leave of court to file a supplemental transcript containing such documents. See Neb.Ct.R. of Prac. 6 (rev.1997).
In State v. Javins, 199 Neb. 38, 255 N.W.2d 872 (1977), we took judicial notice of a supplemental transcript which had been included in the appellate transcript of the case. In Javins, the defendant filed a supplemental transcript to assist the court in determining whether his sentence was excessive. The supplemental transcript contained the district court transcript from Javins' codefendant's case. This codefendant had been given a lighter sentence than Javins, even though both defendants had participated equally in the commission of the crime. We took judicial notice of the supplemental transcript for the purpose of determining whether Javins' sentence was excessive.
Neb.Rev.Stat. § 27-201 (Reissue 1995) provides in pertinent part:
(2) A judicially noticed fact must be one not subject to reasonable dispute in that it is either (a) generally known within the territorial jurisdiction of the trial court or (b) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
(3) A judge or court may take judicial notice, whether requested or not.
(4) A judge or court shall take judicial notice if requested by a party and supplied with the necessary information.
....
(6) Judicial notice may be taken at any stage of the proceeding.
The existence of court records and certain judicial acts reflected in a court's record are in accordance with § 27-201(2)(b)facts which are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. A court may, therefore, judicially notice the existence of its records and the records of another court, but judicial notice of facts reflected in a court's records is subject to the doctrine of collateral estoppel or of res judicata. Dairyland Power Co-op. v. State Bd. of Equal., 238 Neb. 696, 472 N.W.2d 363 (1991); Gottsch v. Bank of Stapleton, 235 Neb. 816, 458 N.W.2d 443 (1990). In Dairyland Power Co-op., the claimants offered, inter alia, orders of the U.S. District Court for the District of Nebraska that granted summary judgment in "Oklahoma Gas & Elec. Co. v. Boehm, No. CV88-L-52 [1989 WL 97949] (D.Neb. June 13, 1989), and Oklahoma Gas & Elec. Co. v. Boehm, No. CV89-L-32 (D.Neb. June 13, 1989)." 238 Neb. at 701, 472 N.W.2d at 367. We stated that we could take judicial notice of these U.S. District Court decisions.
Likewise, had Dandridge requested that a supplemental transcript from the forfeiture proceeding be compiled and had he then asked the court to take judicial notice of the supplemental transcript, the issue of double jeopardy could have been addressed during his direct appeal. The transcript from the forfeiture proceeding would have provided the court with information regarding the facts that gave rise to the forfeiture of Dandridge's currency and would have informed the court that these same facts gave rise to Dandridge's criminal convictions. This would have been sufficient information for the appellate court to address the double jeopardy claim.
Dandridge's current counsel points out that 2 years prior to the commencement of the criminal prosecution of Dandridge, we decided in State v. One 1987 Toyota Pickup, 233 Neb. 670, 447 N.W.2d 243 (1989), that the statutory forfeiture scheme embodied in § 28-431 was criminal in character and, thus, triggered double jeopardy protections. Dandridge's *438 counsel asserts that it would have been unreasonable for trial counsel to ignore this relevant case law and not raise the issue at trial. This argument applies equally to counsel's own performance on direct appeal.
Thus, it is apparent from Dandridge's own argument that the issue of double jeopardy could have been raised at trial and that the ineffective assistance of counsel claim could have been raised during his direct appeal. Accordingly, we find that Dandridge is procedurally barred from raising this issue in his motion for postconviction relief. A motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and could have been litigated on direct appeal. State v. Keithley, 247 Neb. 638, 529 N.W.2d 541 (1995).
The judgment of the district court is affirmed.
AFFIRMED.
WHITE, C.J., not participating.