STATE OF NEBRASKA, APPELLEE, V.
GEARY L. DANDRIDGE, APPELLANT.
651 N.W.2d 567

Filed October 4, 2002.   No. S-01-239.

Geary L. Dandridge, pro se.

Don Stenberg, Attorney General, and Martin W. Swanson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

In April 2000, Geary L. Dandridge filed a second motion for postconviction relief, pro se, in Lancaster County District Court. The district court denied the motion without a hearing, determining that the claims asserted by Dandridge were procedurally barred. Dandridge timely appealed. We moved the case to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## FACTUAL BACKGROUND

In 1992, Dandridge was convicted of possession of a controlled substance and being a felon in possession of a firearm. Dandridge's resulting sentences were enhanced upon a finding that Dandridge was a habitual criminal. Dandridge's convictions and sentences were affirmed by the Nebraska Court of Appeals. *State v. Dandridge*, 1 Neb. App. 786, 511 N.W.2d 527 (1993). Dandridge retained private counsel during his trial, but was represented by the Lancaster County public defender during his direct appeal.

In 1996, Dandridge filed his first motion for postconviction relief, pro se. In this motion, Dandridge raised two issues. First, Dandridge asserted that his conviction for possession of a controlled substance violated double jeopardy. Second, Dandridge asserted that his trial counsel was ineffective. Dandridge did not assert, however, that his direct appeal counsel was ineffective. The district court dismissed the motion without an evidentiary hearing.

After filing an appeal of the district court's decision, Dandridge filed a motion in the district court for appointment of counsel to assist him on appeal. The district court granted the motion, appointing the Lancaster County public defender. On appeal, Dandridge again asserted double jeopardy and ineffective assistance of trial counsel claims. This court concluded that Dandridge was procedurally barred from asserting either claim, since both claims could have been raised on direct appeal. *State v. Dandridge*, 255 Neb. 364, 585 N.W.2d 433 (1998).

In April 2000, Dandridge filed his second motion for postconviction relief, pro se, in which he asserted three claims. First, Dandridge asserted that his direct appeal counsel was ineffective. Dandridge argues that this claim is not procedurally barred because counsel appointed to represent him during the appeal of his first postconviction motion could not have raised this claim due to a conflict of interest. Second, Dandridge asserted that his postconviction appeal counsel was ineffective. Third, Dandridge asserted that under the plain error doctrine, his conviction for possession of a controlled substance was void on double jeopardy grounds. The district court denied Dandridge's motion without a hearing. Dandridge appealed.

## ASSIGNMENTS OF ERROR

Dandridge assigns, rephrased, that the district court erred in (1) failing to find that due to a conflict of interest created when the Lancaster County public defender was appointed to represent him in his first postconviction appeal, Dandridge was unable to assert an ineffective assistance of direct appeal counsel claim during the first postconviction proceeding, and (2) failing to find that his postconviction counsel was ineffective.

## STANDARD OF REVIEW

■ Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Hall v. State, ante* p. 151, 646 N.W.2d 572 (2002).

■ A defendant moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the state or federal Constitution. *State v. Caddy,* 262 Neb. 38, 628 N.W.2d 251 (2001).

■ An appellate court does not consider errors which are argued but not assigned. *State v. McBride,* 252 Neb. 866, 567 N.W.2d 136 (1997); *State v. Campbell,* 247 Neb. 517, 527 N.W.2d 868 (1995).

## ANALYSIS

### INEFFECTIVE ASSISTANCE OF DIRECT APPEAL COUNSEL

Dandridge asserts his direct appeal counsel rendered ineffective assistance. According to Dandridge, his direct appeal counsel was ineffective for failing to (1) assert that his conviction for possession of a controlled substance violated double jeopardy, (2) assert that his trial counsel was ineffective, (3) adequately challenge his felon in possession of a firearm conviction, and (4) adequately challenge his habitual criminal sentence enhancement.

■ We first must determine whether Dandridge is procedurally barred from asserting this claim. An appellate court will not entertain a successive postconviction motion unless the motion affirmatively shows on its face that the ground for relief could not have been asserted at the time the movant filed the prior motion. *State v. Ryan,* 257 Neb. 635, 601 N.W.2d 473 (1999). The need for

finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *Hall v. State, supra.*

Dandridge argues that his claim is not procedurally barred because his second postconviction motion presented his first opportunity to raise this claim. According to Dandridge, since the Lancaster County public defender represented him during his direct appeal, the district court created a conflict of interest by again appointing the Lancaster County public defender to represent him during his first postconviction appeal. Dandridge contends that due to this conflict of interest, this is his first opportunity to assert an ineffective assistance of direct appeal counsel claim.

This court considered a similar situation in *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000). There, the defendant's first postconviction motion requested relief on the ground that he had received ineffective assistance from trial counsel. The defendant was represented by attorneys from the Sarpy County public defender's office, both at trial and on direct appeal. This court held that the defendant's claim was not procedurally barred since "his first opportunity to assert ineffective assistance of trial counsel was in his motion for postconviction relief." *Id.* at 483-84, 618 N.W.2d at 415.

Unlike *Soukharith*, the record here indicates that Dandridge had an earlier opportunity to assert his ineffective assistance claim. In Dandridge's first postconviction motion, which he filed pro se, he did not allege ineffective assistance of direct appeal counsel. It was only after Dandridge appealed the dismissal of that motion that the district court appointed the Lancaster County public defender to represent him. Dandridge could have asserted the ineffective assistance claim at the time he filed his first postconviction motion, but he failed to do so. Nothing on the face of Dandridge's motion affirmatively contradicts this conclusion. See *State v. Ryan, supra.*

Because Dandridge was not represented by the Lancaster County public defender during the period in which his first postconviction motion was filed, considered, and ruled upon by the district court, we find no merit to Dandridge's conflict of interest argument. Therefore, we determine that Dandridge is procedurally barred from asserting the ineffective assistance of direct

appeal counsel claim and that Dandridge's arguments to the contrary are without merit.

## INEFFECTIVE ASSISTANCE OF
## POSTCONVICTION APPEAL COUNSEL

Dandridge next asserts that his postconviction appeal counsel was ineffective. As support for this argument, Dandridge argues that in 1993, the Nebraska Legislature amended Neb. Rev. Stat. § 29-3004 (Reissue 1995) to provide that attorneys appointed to represent a defendant in a postconviction proceeding "shall be competent and shall provide effective counsel."

■ A defendant moving for postconviction relief must allege facts which, if proved, constitute a denial or violation of his or her rights under the state or federal Constitution. *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001). In *State v. Hunt*, 262 Neb. 648, 634 N.W.2d 475 (2001), we ruled that notwithstanding the 1993 amendment to § 29-3004, there is no constitutional guarantee of effective assistance of counsel in a postconviction action. *State v. Hunt, supra*. Dandridge's ineffective assistance of postconviction counsel claim, premised upon § 29-3004, is without merit.

## OTHER ISSUES

Finally, Dandridge raises two other issues in his brief. Dandridge argues that the district court erred in (1) failing to grant him an evidentiary hearing on his motion and (2) rejecting his argument that under the plain error doctrine, his conviction for possession of a controlled substance constituted a double jeopardy violation. We do not consider these issues because neither issue was assigned as error by Dandridge. An appellate court does not consider errors which are argued but not assigned. *State v. McBride*, 252 Neb. 866, 567 N.W.2d 136 (1997); *State v. Campbell*, 247 Neb. 517, 527 N.W.2d 868 (1995).

## CONCLUSION

For these reasons, we affirm the decision of the district court.

AFFIRMED.