STATE OF NEBRASKA, APPELLEE, V.
ROBERT E. HUNT, JR., APPELLANT.

634 N.W. 2d 475

Filed September 28, 2001.   No. S-00-1230.

Mark D. Albin, of the Albin Law Office, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

Robert E. Hunt, Jr., appeals the dismissal of his amended postconviction petition. Hunt alleges that he received ineffective assistance of counsel in a postconviction action. We have previously held that Nebraska does not recognize a claim for ineffective assistance of postconviction counsel. But Hunt argues that Neb. Rev. Stat. § 29-3004 (Reissue 1995) provides a claim for ineffective assistance of postconviction counsel. We affirm because a postconviction claim must be based on a deprivation of a federal or state constitutional right rendering the judgment void or voidable. Section 29-3004 is a statutory provision that does not render a judgment void or voidable.

## BACKGROUND

In 1985, Hunt appealed his conviction for first degree murder and death sentence. On appeal, we affirmed the conviction, but vacated, and remanded for resentencing. *State v. Hunt*, 220 Neb. 707, 371 N.W.2d 708 (1985), *disapproved on other grounds, State v. Palmer*, 224 Neb. 282, 399 N.W.2d 706 (1986). On remand, Hunt was resentenced to life imprisonment.

In September 1996, Hunt filed a motion for postconviction relief which was later amended in 1997. The amended motion alleged, rephrased and summarized, that Hunt either was denied due process or received ineffective assistance of trial counsel because of the following:

(1) Counsel failed to pursue an insanity defense.

(2) Counsel threatened to withdraw from the case if Hunt insisted on entering a plea of not guilty by reason of insanity.

(3) Counsel referred to Hunt in a derogatory manner during closing arguments.

(4) Counsel admitted certain facts and elements of the crime during closing arguments.

(5) Without objection from Hunt's counsel, the prosecutor was allowed to ask questions about statements Hunt did not make to police and comment on the lack of evidence regarding those statements at closing.

(6) The original prosecutor, Richard W. Krepela, falsified a police report.

(7) Hunt's counsel failed to make a motion to disqualify Krepela, failed to report Krepela's actions to the Nebraska State Bar Association, failed to call Krepela as a witness, and failed to preserve and raise the issue on appeal.

(8) The prosecutor failed to properly disassociate himself with Krepela after Krepela withdrew from the case.

The amended motion did not raise various issues that Hunt had included in his first motion for postconviction relief.

Following a hearing in which both Hunt and his trial counsel testified, the district court found all of Hunt's arguments to be without merit and dismissed the petition. Hunt's appellate counsel filed an appeal assigning only the derogatory statements made by trial counsel. We affirmed. See *State v. Hunt*, 254 Neb. 865, 580 N.W.2d 110 (1998).

## POSTCONVICTION COUNSEL

After the appeal was decided, Hunt filed the amended petition that is the subject of this appeal. The amended petition alleges that because of his court-appointed appellate counsel in his first postconviction action, he was denied due process, equal protection, a fair postconviction hearing, and effective assistance of counsel. The petition alleges, summarized and rephrased, that Hunt's postconviction counsel failed (1) to include claims when he amended Hunt's original petition for postconviction relief, (2) to seek recusal of the district court judge presiding over the action, (3) to assign issues as error on appeal and told Hunt that some issues were frivolous, (4) to explain the consequences of interviews Hunt had with psychiatrists, and (5) to object to certain statements made at trial. Hunt also alleges that trial counsel's involvement with the trial judge concerning a false police report was prejudicial.

The State filed a motion for summary judgment and a motion to dismiss. The district court sustained the State's motions and denied postconviction relief. Hunt appeals.

## ASSIGNMENTS OF ERROR

Hunt assigns, rephrased, that the district court erred in sustaining the State's motions for summary judgment and to dismiss and in failing to grant an evidentiary hearing.

## STANDARD OF REVIEW

■ A criminal defendant requesting postconviction relief must establish the basis for such relief, and the factual findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Gray*, 259 Neb. 897, 612 N.W.2d 507 (2000).

■ Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Caddy, ante* p. 38, 628 N.W.2d 251 (2001).

## ANALYSIS

Hunt alleges that he received ineffective assistance of postconviction counsel and concedes that we have previously held that Nebraska does not recognize such a claim in a postconviction action. See *State v. Gray, supra*. But Hunt argues that under a 1993 amendment to § 29-3004, counsel appointed in postconviction proceedings are required to provide effective counsel. Hunt contends that this amendment allows him to bring a postconviction action for ineffective assistance of postconviction counsel. A prisoner's right to postconviction relief as set out in Neb. Rev. Stat. § 29-3001 (Reissue 1995) which provides in part:

> A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion at any time in the court which imposed such sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence.

Section 29-3004 provides: "The district court may appoint not to exceed two attorneys to represent the prisoners in all proceedings under sections 29-3001 to 29-3004. . . . The attorney or attorneys shall be competent and shall provide effective counsel."

■ Although we did not address § 29-3004, we have held that under the U.S. Constitution, a defendant in a criminal case has a right to effective assistance of counsel. But the assistance of counsel provision in the U.S. Constitution applies to direct appeals only. *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524

(1993), citing *Pennsylvania v. Finley,* 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987). We then stated:

> As the *Finley* court stated, postconviction relief is not part of the criminal proceeding itself, and it is in fact considered to be civil in nature. It is a collateral attack that normally occurs only after the defendant has failed to secure relief through direct review of his conviction. States have no obligation to provide a postconviction relief procedure, and when they do, the fundamental fairness mandated by the Due Process Clause of the U.S. Constitution does not require that the State supply a lawyer as well.

*State v. Stewart,* 242 Neb. at 719, 496 N.W.2d at 529. Thus, the U.S. Supreme Court has held that because there is no constitutional right to an attorney in state postconviction proceedings, a prisoner cannot claim constitutionally ineffective assistance of counsel in such proceedings. See *id.,* citing *Coleman v. Thompson,* 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). We held in *Stewart* that the Nebraska Constitution's provision for assistance of counsel was no broader than its counterpart in the U.S. Constitution. Furthermore, a prisoner cannot claim constitutionally ineffective assistance of counsel as a result of an attorney's service in a postconviction proceeding. We reaffirmed our holding in *Stewart* in *State v. Gray,* 259 Neb. 897, 612 N.W.2d 507 (2000).

Relying on § 29-3004, Hunt contends that he has a right to bring a postconviction action for ineffective assistance of postconviction counsel. Hunt's argument fails. Section 29-3001 provides a postconviction action when a prisoner is claiming a right to be released because there was a denial or infringement of the rights of the prisoner, rendering the judgment void or voidable under the Constitution of this state or the Constitution of the United States. Any right to effective assistance of postconviction counsel provided by § 29-3004 is statutory only and cannot render the prisoner's conviction void or voidable under the U.S. or Nebraska Constitution. Thus, our reasoning in *Stewart* and *Gray* continues to be valid. Hunt's arguments regarding ineffective postconviction counsel are without merit.

Hunt has also raised issues regarding actions of his original trial counsel. These issues either were raised in Hunt's first

postconviction proceeding or could have been raised at that time. An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999); *State v. Williams*, 247 Neb. 931, 531 N.W.2d 222 (1995), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998). We find Hunt's arguments regarding these issues to be without merit.

## CONCLUSION

We determine that § 29-3004 does not provide a postconviction claim for ineffective assistance of postconviction counsel. Because all of the issues raised in Hunt's petition for postconviction relief were related to ineffective assistance of postconviction counsel or either were raised or could have been raised in earlier proceedings, we determine that the district court did not err in dismissing Hunt's petition. Accordingly, we affirm.

AFFIRMED.

HENDRY, C.J., not participating.