STATE OF NEBRASKA, APPELLEE, V.
EUSEBIO L. BECERRA, APPELLANT.
642 N.W.2d 143

Filed April 19, 2002.   No. S-01-1111.

Eusebio L. Becerra, pro se.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Eusebio L. Becerra, was convicted by a jury of kidnapping as a Class IA felony. He moved for postconviction relief, claiming he received ineffective assistance of postconviction counsel in his first postconviction proceeding. He also claims

that his trial counsel was ineffective under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), because his trial counsel failed to object to a jury instruction. He argues that the instruction did not allow the jury to consider whether he was guilty of kidnapping as a Class II felony, which carries a lesser sentence. We affirm because we do not recognize a claim for ineffective assistance of postconviction counsel. Further, trial counsel was not ineffective because *Apprendi* applies only when a case involves an increase in penalty beyond the statutory maximum.

## BACKGROUND

Becerra was convicted in 1996 of kidnapping under Neb. Rev. Stat. § 28-313(1) (Reissue 1995) and use of a weapon to commit a felony. We affirmed the convictions and sentences on direct appeal in *State v. Becerra*, 253 Neb. 653, 573 N.W.2d 397 (1998) (*Becerra I*). In 2001, we affirmed the denial of his first motion for postconviction relief. *State v. Becerra*, 261 Neb. 596, 624 N.W.2d 21 (2001) (*Becerra II*). The facts about the kidnapping are set forth in full in *Becerra I*.

At the sentencing hearing, Becerra's counsel requested that the trial court consider sentencing Becerra to a period of probation or minimal incarceration. The court responded that kidnapping is a Class IA felony and that life imprisonment is the only possible sentence allowed by statute. On direct appeal, Becerra assigned as error that he was denied effective assistance of counsel at trial. He argued that his trial counsel failed to offer a jury instruction on the lesser-included offenses of kidnapping as a Class II felony or false imprisonment. *Becerra I*. We determined that we were unable to address the issue on direct appeal because the record was unclear about what instructions were tendered by Becerra's counsel. *Id*. We then stated that in any event, kidnapping as a Class II felony is not a separate offense from kidnapping as a Class IA felony. *Id*. We stated that the provisions of § 28-313 regarding kidnapping as a Class II felony are only mitigating circumstances which may reduce the penalty for kidnapping and that the existence or nonexistence of the mitigating circumstances is a matter properly considered by the court at sentencing. *Id*.

## First Postconviction Proceeding

In his first motion for postconviction relief, Becerra alleged that his constitutional right to effective assistance of counsel was violated by (1) his trial counsel's failure to discuss with him a plea bargain offer allegedly made by the prosecution; (2) his trial counsel's failure to perform adequate discovery, resulting in trial counsel's failure to object to alleged misrepresentations by a law enforcement officer who testified at trial concerning a statement made by Becerra; (3) his trial counsel's failure to understand the charges against Becerra, thus prejudicing his defense; and (4) his appellate counsel's failure to properly raise, on direct appeal, the issue of his trial counsel's inability to understand the charges. *Becerra II.*

Becerra testified at an evidentiary hearing that his trial counsel did not tell him of an offer of a plea bargain. Becerra's trial counsel testified that Becerra told him emphatically that he did not wish to enter into plea negotiations. He further told Becerra that a mandatory life sentence would be imposed if he was convicted of kidnapping. Other testimony indicated that Becerra was never offered a plea bargain and that he was told that the maximum penalty for a kidnapping conviction was life in prison. The district court denied relief, and based on the testimony at the evidentiary hearing, we affirmed. *Becerra II.*

Becerra also argued on appeal that his trial counsel was ineffective by failing to request a lesser-included offense instruction on false imprisonment. In addition, he claimed that his postconviction counsel was ineffective for failing to argue the issue to the trial court. Becerra did not raise the issue of whether the jury should have been instructed concerning kidnapping as a Class II felony. We stated that Becerra did not include any claims about jury instructions in his motion for postconviction relief. Thus, we did not consider this assignment of error because it was not presented to the district court. We then held that Becerra was not denied effective assistance of counsel when his attorney did not request a lesser-included offense instruction on first degree false imprisonment. *Becerra II.*

## Second Postconviction Action

In July 2001, Becerra filed the motion for postconviction relief that is the subject of this appeal. In his motion, Becerra

alleges that he learned that he was not told about a plea bargain. Becerra alleges that in 1998, an attorney, Michael Levy, called Becerra's family and left a message stating that he had learned from a prosecutor that a plea bargain offer was made. Becerra alleges that a family member kept the tape-recorded message and still has it. Levy was then hired to represent Becerra in his first postconviction proceeding. Becerra alleges that because Levy was acting as his attorney, he could not testify about what the prosecutor said, thus prejudicing Becerra in the postconviction proceeding. As a result, Becerra alleges that he received ineffective assistance of postconviction counsel.

In addition, Becerra alleges that his trial, appellate, and postconviction counsel were ineffective. He argues they were ineffective because they failed to raise the issue that the jury was not instructed to consider whether he was guilty of kidnapping as a Class II felony, which carries a lesser sentence. He alleges that the decision in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), should be applied retroactively to his case and requires that the jury decide whether he is guilty of kidnapping as a Class II felony instead of as a Class IA felony.

The district court determined that Nebraska does not recognize a claim for ineffective assistance of postconviction counsel. The court then determined that *Apprendi* did not apply to Becerra's case. The court denied Becerra's motion.

## ASSIGNMENT OF ERROR

Becerra assigns, rephrased, that the district court erred in denying his motion for postconviction relief.

## STANDARD OF REVIEW

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002).

## ANALYSIS

Becerra contends that he received ineffective assistance of counsel in his first postconviction action. He concedes that we have previously held that Nebraska does not recognize a claim for ineffective assistance of postconviction counsel. See, *State*

*v. Hunt*, 262 Neb. 648, 634 N.W.2d 475 (2001); *State v. Gray*, 259 Neb. 897, 612 N.W.2d 507 (2000). He argues, however, that a 1993 amendment to Neb. Rev. Stat. § 29-3004 (Reissue 1995) creates a liberty interest in effective assistance of post-conviction counsel.

Neb. Rev. Stat. § 29-3001 (Reissue 1995) provides in part:

A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States, may file a verified motion at any time in the court which imposed such sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence.

Section 29-3004 provides: "The district court may appoint not to exceed two attorneys to represent the prisoners in all proceedings under sections 29-3001 to 29-3004. . . . The attorney or attorneys shall be competent and shall provide effective counsel."

We have held that under the U.S. Constitution, a defendant in a criminal case has a right to effective assistance of counsel. But the assistance of counsel provision in the U.S. Constitution applies to direct appeals only. *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993), citing *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987).

In *State v. Hunt, supra*, we noted that postconviction relief is civil in nature. States have no obligation to provide a postconviction relief procedure, and when they do, the Due Process Clause of the U.S. Constitution does not require that the state supply a lawyer. We held that a prisoner does not have a constitutional right to effective assistance of postconviction counsel. *State v. Hunt, supra*. We noted that § 29-3001 provides a postconviction action when a prisoner is claiming a right to be released because there was a denial or infringement of his or her rights, rendering the judgment void or voidable under the Constitution of the United States. We then held that any right to effective assistance of counsel under § 29-3004 is statutory only and cannot render a prisoner's conviction void or voidable under the U.S. or Nebraska Constitution. *State v. Hunt, supra*.

The reasoning of *Hunt* applies equally to Becerra's case. Although Becerra claims that § 29-3004 creates a liberty interest in effective assistance of postconviction counsel, we held in *Hunt* that any rights created by § 29-3004 are statutory only. Becerra cannot obtain postconviction relief for ineffective assistance of postconviction counsel.

Becerra next contends that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), it was improper for the district court to decide whether he should be sentenced to kidnapping as a Class IA felony instead of as a Class II felony. Thus, Becerra argues that his trial counsel was ineffective in failing to object to jury instructions that did not allow the jury to decide which felony he was guilty of. Becerra also contends that his appellate and postconviction counsel were ineffective for failing to raise the issue. We note that this is the first opportunity for Becerra to raise the *Apprendi* issue.

Section 28-313 provides:

(1) A person commits kidnapping if he abducts another or, having abducted another, continues to restrain him with intent to do the following:

(a) Hold him for ransom or reward; or

(b) Use him as a shield or hostage; or

(c) Terrorize him or a third person; or

(d) Commit a felony; or

(e) Interfere with the performance of any government or political function.

(2) Except as provided in subsection (3) of this section, kidnapping is a Class IA felony.

(3) If the person kidnapped was voluntarily released or liberated alive by the abductor and in a safe place without having suffered serious bodily injury, prior to trial, kidnapping is a Class II felony.

When Becerra was sentenced, a Class IA felony carried a penalty of life imprisonment, while a Class II felony carried a penalty of 1 to 50 years. See Neb. Rev. Stat. § 28-105 (Reissue 1995).

In *Apprendi v. New Jersey, supra,* the U.S. Supreme Court held that other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable

doubt. The Court stressed that the fact must increase the penalty. The Court made a distinction between facts in aggravation of punishment and facts in mitigation of punishment. The Court stated that when the issue involves mitigating facts under which the defendant can escape the statutory maximum, core concerns involving the jury and burden of proof requirements are absent. See *id.*

*Apprendi* is inapplicable to Becerra's case. We have held that § 28-313 creates a single criminal offense and not two separate offenses, even though it is punishable by two different ranges of penalties depending on the treatment accorded to the victim. The factors which determine which of the two penalties is to be imposed are not elements of the offense of kidnapping. The factors are simply mitigating factors which may reduce the sentence of those charged under § 28-313, and their existence or nonexistence should properly be determined by the trial judge. *State v. Hand*, 244 Neb. 437, 507 N.W.2d 285 (1993); *State v. Schneckloth, Koger, and Heathman*, 210 Neb. 144, 313 N.W.2d 438 (1981). Under § 28-313, any factual finding about whether the person kidnapped was voluntarily released affects whether the defendant will receive a lesser penalty instead of an increased penalty. *Apprendi* made clear that it was concerned only with cases involving an increase in penalty beyond the statutory maximum and does not apply to the mitigating factors in § 28-313.

We conclude that *Apprendi* does not apply to this case. Accordingly, Becerra was not entitled to a jury instruction requiring the jury to evaluate whether he was guilty of kidnapping as a Class II felony. The district court did not err in denying Becerra's motion for postconviction relief.

## CONCLUSION

We conclude that § 29-3004 does not provide a postconviction claim for ineffective assistance of postconviction counsel. We further conclude that Becerra was not entitled to postconviction relief based on the U.S. Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Accordingly, we affirm.

AFFIRMED.

GERRARD, J., participating on briefs.