STATE OF NEBRASKA, APPELLEE, V.
MARVIN L. STAHLA, APPELLANT.
688 N.W.2d 641

Filed November 16, 2004. No. A-03-625.

Bell Island, of Island, Huff & Nichols, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

IRWIN, MOORE, and CASSEL, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Marvin L. Stahla appeals a decision of the district court for Kimball County, Nebraska. Stahla argues that the court's failure to submit a factual question to the jury violated his 6th and 14th Amendment rights. Because the factual question at issue merely determines whether Stahla's crime is punishable as a Class I misdemeanor or a Class II misdemeanor and does not enhance Stahla's sentence beyond the statutory maximum, we affirm.

## II. BACKGROUND

On November 22, 2002, Stahla was charged with assault in the third degree and with making terroristic threats, in violation of Neb. Rev. Stat. §§ 28-310 and 28-311.01 (Reissue 1995). Section 28-310 provides:

(1) A person commits the offense of assault in the third degree if he:

(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or

(b) Threatens another in a menacing manner.

(2) Assault in the third degree shall be a Class I misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it shall be a Class II misdemeanor.

The charges against Stahla arose out of an argument that occurred on September 30 between Stahla and his girl friend at the time.

A trial was held on March 5, 2003. Stahla submitted proposed jury instruction No. 5, which requested the jury to make a factual finding as to whether the third degree assault, if committed, was committed in a fight or scuffle entered into by mutual consent. The proposed jury instruction stated that if the State failed to prove beyond a reasonable doubt that the assault, if any, was *not* committed in a fight or scuffle entered into by mutual consent, then the jury must find that the assault was committed in a fight or scuffle entered into by mutual consent. The court did not submit Stahla's proposed jury instruction No. 5 to the jury, stating, "The court finds that based on the evidence presented in the tr[ia]l . . . there is no evidence of mutual consent to any type of scuffle or fight and, therefore, the court rejects the proposed instruction number 5."

The jury found Stahla guilty of assault in the third degree, but not guilty on the charge of making terroristic threats. On May 6, 2003, the court sentenced Stahla to 2 years' probation, with terms that included 10 days' imprisonment in the county jail and 80 hours of community service. This appeal now follows.

### III. ASSIGNMENT OF ERROR

Stahla's only assignment of error, restated, is that the trial court erred in failing to submit to the jury the factual question of whether his act of third degree assault, if committed, was committed during a fight or scuffle entered into by mutual consent.

### IV. ANALYSIS

#### 1. STANDARD OF REVIEW

Whether jury instructions given by a trial court are correct is a question of law. *State v. Mowell*, 267 Neb. 83, 672 N.W.2d 389 (2003); *State v. Bao*, 263 Neb. 439, 640 N.W.2d 405 (2002). Regarding questions of law, an appellate court is obligated to reach a conclusion independent of determinations reached by the trial

court. *Mowell, supra*; *State v. Mata*, 266 Neb. 668, 668 N.W.2d 448 (2003). In an appeal based on the claim of an erroneous instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Mowell, supra*; *State v. Derry*, 248 Neb. 260, 534 N.W.2d 302 (1995).

## 2. JURY INSTRUCTIONS

Stahla argues that under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the district court in the instant case violated Stahla's constitutional rights under the 6th and 14th amendments by refusing to instruct the jury to determine whether Stahla was guilty of third degree assault as a Class I misdemeanor or as a Class II misdemeanor. As noted above, § 28-310 provides:

(1) A person commits the offense of assault in the third degree if he:

(a) Intentionally, knowingly, or recklessly causes bodily injury to another person; or

(b) Threatens another in a menacing manner.

(2) Assault in the third degree shall be a Class I misdemeanor unless committed in a fight or scuffle entered into by mutual consent, in which case it shall be a Class II misdemeanor.

Stahla argues, albeit in a brief whose entire argument section spans barely three pages, that the district court should have submitted a jury instruction asking the jury to determine whether the assault in the third degree, if any, was committed in a fight or scuffle entered into by mutual consent. Stahla correctly points out that *Apprendi, supra*, held that any fact which is used to enhance a sentence must be presented to the jury to decide. Stahla argues in his brief that the court removed from the jury the factual determination regarding whether the fight or scuffle was entered into by mutual consent. Stahla further argues that this violated his constitutional rights as focused on in *Apprendi, supra*. Stahla claims that because the existence of a fight or scuffle entered into by mutual consent decreases the penalty that can be imposed for third degree assault, the fact that such a fight did not occur enhances the penalty for third degree assault, and that

thus, *Apprendi, supra,* dictates that the factual issue must be submitted to the jury. Stahla is incorrect.

Though neither party has cited to it, we find instructive *State v. Becerra,* 263 Neb. 753, 642 N.W.2d 143 (2002). In *Becerra,* an argument similar to Stahla's was made with regard to Neb. Rev. Stat. § 28-313 (Reissue 1995). Section 28-313 provides:

(1) A person commits kidnapping if he abducts another or, having abducted another, continues to restrain him with intent to do the following:

(a) Hold him for ransom or reward; or

(b) Use him as a shield or hostage; or

(c) Terrorize him or a third person; or

(d) Commit a felony; or

(e) Interfere with the performance of any government or political function.

(2) *Except as provided in subsection (3) of this section, kidnapping is a Class IA felony.*

(3) *If the person kidnapped was voluntarily released or liberated alive by the abductor and in a safe place without having suffered serious bodily injury, prior to trial, kidnapping is a Class II felony.*

(Emphasis supplied.)

The criminal defendant in *Becerra* argued that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), it was improper for the district court to decide whether he should be sentenced to kidnapping as a Class IA felony instead of as a Class II felony. However, the Nebraska Supreme Court held otherwise. The Supreme Court stated:

*Apprendi* is inapplicable to [the defendant's] case. We have held that § 28-313 creates a single criminal offense and not two separate offenses, even though it is punishable by two different ranges of penalties depending on the treatment accorded to the victim. The factors which determine which of the two penalties is to be imposed are not elements of the offense of kidnapping. The factors are simply mitigating factors which may reduce the sentence of those charged under § 28-313, and their existence or nonexistence should properly be determined by the trial judge. . . . Under § 28-313, any factual finding about whether the person kidnapped was

voluntarily released affects whether the defendant will receive a lesser penalty instead of an increased penalty. *Apprendi* made clear that it was concerned only with cases involving an increase in penalty beyond the statutory maximum and does not apply to the mitigating factors in § 28-313.

*Becerra*, 263 Neb. at 759, 642 N.W.2d at 148 (citing *State v. Hand*, 244 Neb. 437, 507 N.W.2d 285 (1993), and *State v. Schneckloth, Koger, and Heathman*, 210 Neb. 144, 313 N.W.2d 438 (1981)).

 Similar in construction to § 28-313, § 28-310 creates one offense of third degree assault, punishable by two different ranges of penalties depending on whether the assault was committed in a fight or scuffle entered into by mutual consent. By analogy, *Becerra* instructs that whether a fight or scuffle entered into by mutual consent occurred is not an element of the offense of third degree assault. Rather, it is a mitigating factor, the existence of which determines which of the two penalties is to be imposed—whether the defendant will receive a lesser penalty instead of the ordinary penalty. Thus, under *Becerra*, the existence of a fight or scuffle entered into by mutual consent was not a factual issue that the district court herein was required to submit to the jury. Accordingly, Stahla was not entitled to have his proposed jury instruction No. 5 submitted to the jury and the ruling of the district court is affirmed.

## V. CONCLUSION

We find that the district court did not err in refusing to submit to the jury the factual question of whether Stahla's act of third degree assault, if any, was committed during a fight or scuffle entered into by mutual consent. Whether a third degree assault was committed during a fight or scuffle entered into by mutual consent is a factor which determines whether the third degree assault will be punishable as a Class I misdemeanor or a Class II misdemeanor. It is not a factual determination that enhances the punishment for third degree assault beyond the statutory maximum. As a result, Stahla's constitutional rights were not violated. We affirm the decision of the district court.

AFFIRMED.