and Neomi did not file an answer until March 29, 2013, with an amended answer filed April 5. While Correa sees this action as deceitful, on these facts we cannot agree. There is no evidence that the estate, Neomi, or State Farm acted to prevent Correa from correcting the defect in service by reopening the estate and having a special administrator appointed.

Correa's fourth and final assignment of error is without merit.

## CONCLUSION

Because the special administrator was not served within 6 months of the commencement of the action, the district court lacked jurisdiction over Correa's claims. Likewise, this court lacks jurisdiction over Correa's appeal. The appeal is therefore dismissed.

Appeal dismissed.

McCormack, J., not participating.

––––––––––––––

State of Nebraska, appellee, v.
Jeffrey A. Hessler, appellant.
___ N.W.2d ___

Filed July 25, 2014.    No. S-13-850.

1. **Postconviction: Proof: Appeal and Error.** A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.
2. **Postconviction: Constitutional Law: Proof.** An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.
3. **Postconviction: Judgments: Appeal and Error.** Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.
4. **Appeal and Error.** An appellate court does not consider errors which are argued but not assigned.

5. **Postconviction.** A defendant is entitled to bring a second proceeding for post-conviction relief only if the grounds relied upon did not exist at the time the first motion was filed.

6. \_\_\_\_. The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.

7. **Postconviction: Effectiveness of Counsel: Appeal and Error.** If a defendant brings a motion for postconviction relief based on ineffective assistance of trial or direct appeal counsel which could not have been raised earlier, this is a basis for relief that did not exist at the time of the prior proceeding.

8. **Postconviction: Appeal and Error.** If a defendant brings a successive motion for postconviction relief based on newly discovered evidence that was not available at the time the prior motion was filed, this is a basis for relief that did not exist at the time of the prior proceeding because it was not available to the defendant.

9. \_\_\_\_: \_\_\_\_. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal.

10. **Postconviction: Effectiveness of Counsel.** Postconviction relief cannot be obtained on the basis of ineffective assistance of postconviction counsel.

11. **Postconviction: Constitutional Law: Effectiveness of Counsel.** There is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective assistance of postconviction counsel.

12. **Postconviction: Constitutional Law: Effectiveness of Counsel: Habeas Corpus: States.** *Martinez v. Ryan*, \_\_\_ U.S. \_\_\_, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), did not recognize a constitutional right to effective assistance of postconviction counsel. Based upon principles of equity, it expanded only the types of cause permitting a federal habeas court to excuse a procedural default in a federal habeas proceeding. Nothing in *Martinez* prevents state courts from enforcing procedural defaults in accordance with state law.

13. **Judgments: Constitutional Law: Legislature: Appeal and Error.** The common-law writ of error coram nobis exists in this state under Neb. Rev. Stat. § 49-101 (Reissue 2010), which adopts English common law to the extent that it is not inconsistent with the Constitution of the United States, the organic law of this state, or any law passed by our Legislature.

14. **Judgments: Evidence: Appeal and Error.** The purpose of the writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. It enables the court to recall some adjudication that was made while some fact existed which would have prevented rendition of the judgment but which, through no fault of the party, was not presented.

15. **Convictions: Proof: Appeal and Error.** The burden of proof in a proceeding to obtain a writ of error coram nobis is upon the applicant claiming the error, and the alleged error of fact must be such as would have prevented a conviction. It is not enough to show that it might have caused a different result.

16. **Judgments: Appeal and Error.** The writ of error coram nobis is not available to correct errors of law.

Appeal from the District Court for Scotts Bluff County: Randall L. Lippstreu, Judge. Affirmed.

Alan G. Stoler and Jerry M. Hug, of Alan G. Stoler, P.C., L.L.O., for appellant.

Jon Bruning, Attorney General, James D. Smith, and, on brief, J. Kirk Brown for appellee.

Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ., and Inbody, Chief Judge.

Cassel, J.

## I. INTRODUCTION

Jeffrey A. Hessler appeals the order of the district court denying his second action for postconviction relief and a writ of error coram nobis. All of his claims—relating to mental competency, errors or misconduct at trial, and ineffective assistance of counsel—were or could have been litigated on direct appeal or in his first postconviction action. Thus, they were procedurally barred. And his reference to two recent decisions of the U.S. Supreme Court provides no basis to deviate from our procedural rules. Finally, he failed to raise any basis warranting coram nobis relief. We affirm.

## II. BACKGROUND

Hessler was convicted of first degree murder, kidnapping, first degree sexual assault on a child, and use of firearm to commit a felony for the sexual assault and killing of 15-year-old Heather Guerrero. He was sentenced to death on the murder conviction and various terms of imprisonment on the other convictions. The circumstances which led to Hessler's convictions and sentences may be found in *State v. Hessler*.[1]

We affirmed Hessler's convictions and sentences on direct appeal.[2] We summarized the assignments of error raised in his appellate brief, in pertinent part, as follows:

---

[1] *State v. Hessler*, 274 Neb. 478, 741 N.W.2d 406 (2007).

[2] *Id*.

[T]he district court erred in . . . (3) failing to excuse for cause potential jurors who had formed opinions regarding Hessler's guilt; (4) overruling his motion to change venue; [and] (7) granting his request to waive counsel and appear pro se at sentencing and failing to make a determination regarding his competency to waive counsel.[3]

After we affirmed his convictions and sentences, Hessler filed his first action for postconviction relief. In his first postconviction motion, Hessler asserted claims related to ineffective assistance of trial and appellate counsel, errors at trial, and prosecutorial misconduct. He claimed that his trial counsel was ineffective for failing to take various actions regarding his mental competency, juror bias, and venue. And he alleged that his appellate counsel was ineffective for failing to raise and argue those issues. Finally, he asserted that the trial court erred by failing to order a competency evaluation and that the State committed prosecutorial misconduct by failing to suggest such an evaluation.

The district court ordered an evidentiary hearing on the sole issue of whether Hessler's trial counsel was ineffective for failing to raise the issue of competency after Hessler's convictions but prior to the determination of any mitigating factors and sentencing. Before the mitigation portion of the sentencing phase began, Hessler moved the court to proceed pro se. He had been represented by counsel up until that point. The court ultimately rejected Hessler's ineffective assistance claim, finding that the record affirmatively showed that he was competent. It therefore denied postconviction relief. We affirmed the denial of postconviction relief on appeal.[4]

Hessler then filed the present, second motion for postconviction relief. As noted above, the claims asserted in the present motion related to mental competency, errors or misconduct at trial, and ineffective assistance of counsel. The district court summarized Hessler's 17 claims as follows:

---

[3] *Id*. at 488, 741 N.W.2d at 416.

[4] *State v. Hessler*, 282 Neb. 935, 807 N.W.2d 504 (2011).

1. Custodial statement made on February 11, 2003, and February 12, 2003[,] violated Hessler's constitutional rights. A mental disease prevented Hessler from knowingly and intelligently waiving his constitutional right to remain silent.

2. Hessler was denied a fair and impartial jury due to pretrial publicity and the trial court's denial of his motion to change venue.

3. Hessler's waiver of counsel violated his constitutional rights. Mental illness rendered Hessler incompetent to waive counsel.

4. Hessler's waiver of his right to be present in court was invalid. Hessler's mental illness rendered him incompetent to waive his presence during court proceedings.

5. Comments by the Court and prosecutor violated Hessler's right to a fair trial.

6. Trial counsel was ineffective during the guilt — innocence stage of Hessler's trial including, but not limited to, not aggressively pursuing suppression of Hessler's statements, not effectively pursuing a change of venue, not adequately investigating Hessler's competency, etc.

7. Trial counsel failed to adequately investigate and litigate Hessler's lack of mental capacity to waive his Fourth Amendment rights.

8. The trial court's "mental anguish" jury instruction was unconstitutional. Trial and appellate counsel were ineffective by not pursuing that issue.

9. Trial counsel was ineffective for failing to object to the State's use of testimonial hearsay evidence, specifically DNA reports and lab analysis.

10. Hessler was incompetent to stand trial due to debilitating mental disease or defect.

11. Trial counsel was ineffective because Hessler was innocent due to an incapacity to act with deliberate and premeditated malice.

12. Trial counsel was generally ineffective at the aggravation hearing.

13. Hessler was denied a fair trial due to juror bias and misconduct.

14. Appellate counsel and post conviction counsel were generally ineffective.

15. The prosecutor generally committed prosecutorial misconduct at all stages of the proceedings.

16. Witness [Mark] Bohaty was allowed to present "pseudo-scientific" evidence regarding firearms.

17. Cumulative error.

The district court found that Hessler's second postconviction motion failed to raise any ground for relief not previously available to him. It noted that the issues of mental competency and ineffective assistance of trial and appellate counsel were litigated on direct appeal or in his first postconviction action. And his various assertions of errors or misconduct at trial were previously litigated or were known and could have been raised in the prior proceedings. Finally, it observed that no constitutional basis existed for his claim of ineffective assistance of postconviction counsel. It therefore denied postconviction and coram nobis relief and dismissed the motion. Hessler timely appeals.

## III. ASSIGNMENTS OF ERROR
We consolidate and restate Hessler's numerous assignments of error. Hessler assigns that the district court erred in failing to grant an evidentiary hearing on each of his 17 claims.

## IV. STANDARD OF REVIEW
[1,2] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous.[5] An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution.[6] However, if the motion alleges only conclusions of fact or

[5] *State v. Golka*, 281 Neb. 360, 796 N.W.2d 198 (2011).

[6] *Id*.

law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required.[7]

[3] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law.[8] When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.[9]

## V. ANALYSIS

[4] We first dispose of a preliminary issue. Hessler assigned as error the district court's denial of an evidentiary hearing on the claims raised in his second motion for postconviction relief. In his brief, he assigned 17 errors and argued the merits of each of his 17 claims. But he omitted claims 8 and 10 from his assignments of error by duplicating other claims. We recognize our precedent that an appellate court does not consider errors which are argued but not assigned.[10] But we do not treat claims 8 and 10 as being waived. The sentences imposed in this case are grave, and the duplications of the other claims make it clear that he intended to assign error to the district court's disposition of each of his claims but committed a typographical error.

### 1. DENIAL OF POSTCONVICTION RELIEF

[5,6] This is Hessler's second motion for postconviction relief. A defendant is entitled to bring a second proceeding for postconviction relief only if the grounds relied upon did not exist at the time the first motion was filed.[11] The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.[12]

[7,8] We have recognized two circumstances which provide a new ground for relief constituting an exception to

---

[7] *Id.*

[8] *State v. Ortiz*, 266 Neb. 959, 670 N.W.2d 788 (2003).

[9] *Id.*

[10] See, e.g., *State v. Duncan*, 278 Neb. 1006, 775 N.W.2d 922 (2009).

[11] *State v. Ryan*, 257 Neb. 635, 601 N.W.2d 473 (1999).

[12] *Id.*

the procedural bar in postconviction proceedings. First, if a defendant brings a motion for postconviction relief based on ineffective assistance of trial or direct appeal counsel which could not have been raised earlier, this is a basis for relief that did not exist at the time of the prior proceeding.[13] Second, if a defendant brings a successive motion for postconviction relief based on newly discovered evidence that was not available at the time the prior motion was filed, this is a basis for relief that did not exist at the time of the prior proceeding because it was not available to the defendant.[14]

None of the 17 claims asserted by Hessler raised a new ground for relief constituting an exception to the procedural bar. Thus, the district court correctly denied Hessler's motion. For the sake of brevity, we organize our analysis in accordance with the common themes shared among the 17 claims: mental competency, errors or misconduct at trial, and ineffective assistance of counsel.

(a) Mental Competency

Claims 1, 3, 4, and 10 pertain to Hessler's mental competency during the proceedings against him. Hessler asserted that due to mental illness, he was incompetent to stand trial and unable to waive his right to remain silent, his right to counsel, and his right to be present.

[9] But Hessler challenged his competency to waive the right to counsel on direct appeal.[15] He alleged that the trial court erred in granting his request to waive counsel and appear pro se at sentencing and in failing to make a determination regarding his competency to do so.[16] We rejected this claim because the trial court had no reason to doubt Hessler's competency to waive counsel.[17] Having already litigated this claim, Hessler was procedurally barred from raising it in the present motion. A motion for postconviction relief cannot be

---

[13] *Id*.

[14] *Id*.

[15] See *Hessler, supra* note 1.

[16] See *id*.

[17] See *id*.

used to secure review of issues which were or could have been litigated on direct appeal.[18]

Hessler's three remaining claims regarding his mental competency were similarly barred. These claims were known and could have been litigated on direct appeal. Consequently, we find no error in the district court's denial of an evidentiary hearing on claims 1, 3, 4, and 10.

### (b) Errors or Misconduct at Trial

Claims 2, 5, 13, 15, 16, and 17 relate to errors or misconduct at trial. Briefly, Hessler asserted that his convictions and sentences must be overturned because of a biased jury, comments made by the trial judge and prosecution that diminished the jury's role in sentencing, juror misconduct, prosecutorial misconduct, improperly admitted evidence, and cumulative error.

Hessler asserted that his jury was biased on direct appeal.[19] He alleged that the trial court erred in failing to excuse potential jurors who had formed opinions of his guilt and in overruling his motion to change venue because he could not receive a fair trial in Scotts Bluff County, Nebraska.[20] As this claim was previously asserted and rejected, Hessler was barred from asserting it again.

Hessler's remaining claims of errors or misconduct at trial were similarly barred. These claims were known to Hessler and could have been raised on direct appeal. But he did not do so. We therefore find no error in the district court's denial of an evidentiary hearing on claims 2, 5, 13, 15, 16, and 17.

### (c) Ineffective Assistance of Counsel

Claims 6 through 9, 11, 12, and 14 pertain to ineffective assistance of counsel. Hessler asserted that his trial counsel was ineffective for failing to take various actions regarding competency, juror bias and misconduct, venue, cross-examination of witnesses, jury instructions, evidence, and prosecutorial

---

[18] *State v. Suggs*, 259 Neb. 733, 613 N.W.2d 8 (2000).

[19] See *Hessler, supra* note 1.

[20] *Id*.

misconduct. He further alleged that his counsel on direct appeal and in his first postconviction action were ineffective for failing to raise and argue all meritorious issues.

As noted above, a new basis for relief may exist if a defendant brings a motion for postconviction relief based on ineffective assistance of trial or direct appeal counsel which could not have been raised earlier.[21] But Hessler was able to assert ineffective assistance of trial and appellate counsel in his first postconviction action and did so.[22] He was not entitled to do so again. Consequently, his present claims of ineffective assistance of trial and appellate counsel were procedurally barred.

[10,11] But Hessler also claimed that he received ineffective assistance of counsel in his first postconviction action. He argued that the ineffectiveness of his first postconviction counsel constituted a new basis for relief and rendered any claims not raised in the prior proceedings unavailable to him until the present action. This argument has no merit. Postconviction relief cannot be obtained on the basis of ineffective assistance of postconviction counsel.[23] There is no constitutional guarantee of effective assistance of counsel in a postconviction action and therefore no claim for ineffective assistance of postconviction counsel.[24]

In his brief, Hessler cites *Martinez v. Ryan*[25] as a basis for deviating from our procedural rules and granting an evidentiary hearing on his 17 claims. In *Martinez*, the U.S. Supreme Court held that a state procedural default does not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. This holding was initially limited

---

[21] See *Ryan, supra* note 11.

[22] See *Hessler, supra* note 4.

[23] See *State v. Becerra*, 263 Neb. 753, 642 N.W.2d 143 (2002).

[24] *State v. Deckard*, 272 Neb. 410, 722 N.W.2d 55 (2006).

[25] *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012).

to state procedural systems in which ineffective assistance of trial counsel claims were required to be litigated in the initial-review collateral proceeding.[26] But the Court later expanded its holding to include state systems in which ineffective assistance of trial counsel claims were highly unlikely to be given a meaningful opportunity for review on direct appeal.[27] We assume, without deciding, that Nebraska's postconviction review procedures fall within the purview of the Court's expanded holding.

[12] *Martinez* did not recognize a constitutional right to effective assistance of postconviction counsel. Based upon principles of equity, it expanded only the types of cause permitting a federal habeas court to excuse a procedural default in a federal habeas proceeding.[28] Nothing in *Martinez* prevents state courts from enforcing procedural defaults in accordance with state law.

Other state courts have reached similar conclusions regarding the effect of *Martinez*.[29] The Supreme Court of Pennsylvania made several observations worthy of note.[30] First, it described the *Martinez* holding as creating a "federal safety valve to allow for a third level of review—exclusively federal—if the subject claim involved a trial default, and initial collateral

---

[26] See *id*.

[27] See *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013).

[28] See *Martinez, supra* note 25.

[29] See, *Gore v. State*, 91 So. 3d 769 (Fla. 2012) (*Martinez* directed toward federal habeas proceedings); *People v. Miller*, 2013 IL App (1st) 111147, 988 N.E.2d 1051, 370 Ill. Dec. 695 (2013) (*Martinez* applies to federal courts considering habeas petitions and expressly not constitutionally based decision); *Yarberry v. State*, 372 S.W.3d 568 (Mo. App. 2012) (holding in *Martinez* limited to determination that procedural default will not bar federal habeas court from hearing ineffective assistance of trial counsel claims); *Com. v. Holmes*, 79 A.3d 562 (Pa. 2013) (procedural default will not bar federal habeas court from hearing substantial claim of ineffective assistance at trial); *Kelly v. State*, 404 S.C. 365, 745 S.E.2d 377 (2013) (*Martinez* limited to federal habeas corpus review and not applicable to state postconviction relief actions).

[30] See *Holmes*, *supra* note 29.

review counsel did not recognize it."[31] Second, it recognized that the new federal habeas consequence jeopardizes both a state procedural default rule and the state's power and right to pass upon constitutional claims in the first instance. Third, it acknowledged that federal courts sitting in habeas corpus review of final Pennsylvania convictions may review claims of trial counsel ineffectiveness not raised by postconviction counsel on the merits, in the first instance, as an "'equitable'" matter.[32]

However, the Pennsylvania court declined to modify its framework for collateral review of criminal convictions. It recognized that the question of "whether to take measures to otherwise account for the concerns of *Martinez*" is one of policy.[33] It elected to await either the action of its state legislature or a case where the issue was properly joined.

Similarly, we conclude that such matters of policy should be addressed in the first instance to the Legislature. Our Legislature has enacted postconviction relief limited to a single proceeding. Neb. Rev. Stat. § 29-3001 (Cum. Supp. 2012) permits a prisoner to file a verified motion asking the sentencing court to vacate or set aside the sentence and stating the grounds entitling him or her to relief. It expressly authorizes a court to reject a second or successive motion for similar relief.[34] Whether Nebraska should provide a second round of collateral review as of right to capture claims of ineffective assistance of trial counsel which have been defaulted in the initial postconviction proceeding is a matter for the Legislature. It should make that decision in light of the consequences that follow from *Martinez* as accurately summarized by the Pennsylvania court. But until that time, this court continues to enforce our procedural rules in accordance with our well-settled postconviction jurisprudence. Accordingly, we reject Hessler's argument regarding *Martinez* and affirm the district

---

[31] *Id.* at 583.

[32] See *id.* at 584.

[33] *Id.*

[34] See § 29-3001(3).

court's denial of an evidentiary hearing on claims 6 through 9, 11, 12, and 14.

## 2. Denial of Coram Nobis Relief

[13-15] Hessler also sought relief under the common-law writ of error coram nobis. The common-law writ of error coram nobis exists in this state under Neb. Rev. Stat. § 49-101 (Reissue 2010), which adopts English common law to the extent that it is not inconsistent with the Constitution of the United States, the organic law of this state, or any law passed by our Legislature.[35] The purpose of the writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition.[36] It enables the court to recall some adjudication that was made while some fact existed which would have prevented rendition of the judgment but which, through no fault of the party, was not presented.[37] The burden of proof in a proceeding to obtain a writ of error coram nobis is upon the applicant claiming the error, and the alleged error of fact must be such as would have prevented a conviction.[38] It is not enough to show that it might have caused a different result.[39]

But Hessler's second motion for postconviction relief failed to allege any fact not presented in the prior proceedings which would have prevented his convictions. As previously noted, the claims raised in the present motion shared three common themes: mental competency, errors or misconduct at trial, and ineffective assistance of counsel. As to his mental competency, Hessler alleged that the trial court was not presented with information regarding his various mental illnesses and the medications he was taking at the time of trial. But in his first postconviction action, this information was adduced at an evidentiary hearing, and we concluded that the record

---

[35] *State v. Diaz*, 283 Neb. 414, 808 N.W.2d 891 (2012).

[36] *Id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

affirmatively showed that Hessler had met the legal standard of competency.[40]

[16] As to his claims of errors or misconduct at trial and ineffective assistance of counsel, such claims were inappropriate for coram nobis relief. The writ of error coram nobis is not available to correct errors of law.[41] We find no error in the district court's denial of a writ of error coram nobis.

## VI. CONCLUSION

Except for Hessler's argument citing to *Martinez,* the claims raised in Hessler's second motion for postconviction relief either were litigated in the prior proceedings or were known and could have been litigated. As such, they were procedurally barred. And Hessler's claim of ineffective assistance of postconviction counsel, relying upon *Martinez*, was without constitutional support. He similarly failed to raise any basis warranting coram nobis relief. We affirm the denial of Hessler's second motion for postconviction relief and writ of error coram nobis.

AFFIRMED.

HEAVICAN, C.J., not participating.

---

[40] See *Hessler, supra* note 4.

[41] *Diaz, supra* note 35.

---

MARK STAUFFER AND CINDI STAUFFER, HUSBAND AND WIFE, APPELLEES, v. BETTY JEAN BENSON, APPELLANT.

___ N.W.2d ___

Filed July 25, 2014.    No. S-13-928.

1. **Breach of Contract: Damages.** A suit for damages arising from breach of a contract presents an action at law.
2. **Trial: Witnesses.** In a bench trial of an action at law, the trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony.
3. **Judgments: Appeal and Error.** The trial court's factual findings in a bench trial of an action at law have the effect of a jury verdict and will not be set aside unless clearly erroneous.
4. **Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.